**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**Harrisburg Division**

**THE UNITED STATES OF AMERICA,**
**for the use and benefit of**
**WARNER CONSTRUCTION,**
**A DIVISION OF R.W. WARNER, INC.,**

1530 Tilco Drive, Suite A
Frederick, Maryland 21704,

**Plaintiff,**

**v.** **Civil Case No. ________________**

**ARCH INSURANCE COMPANY,**

300 Plaza Three
Third Floor
Jersey City, New Jersey 07311,

Serve: CT Corporation System
116 Pine Street, Suite 320
Harrisburg, Pennsylvania 17101,

**Defendant.** **JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff The United States of America, for the use and benefit of Warner Construction, a Division of R.W. Warner, Inc., by counsel, and for its Complaint against Defendant Arch Insurance Company, alleges as follows:

### Parties

1. Plaintiff Warner Construction, a Division of R.W. Warner, Inc. ("Warner" or "Plaintiff") is a Maryland corporation with its principal place of business located at 1530 Tilco

Drive, Suite A, Frederick, Maryland 21704. Warner was, at all times relevant hereto, properly licensed to do business in the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant Arch Insurance Company ("Arch" or "Defendant") is a Missouri corporation with its principal place of business located at 300 Plaza Three, Third Floor, Jersey City, New Jersey 07311. Arch is a bonding company that provides, among other things, surety bonds for construction projects.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B), which provide for original jurisdiction in the United States District Court for the District in which the contract for the hereinafter described project was performed.

4. This Court has personal jurisdiction over Arch because Arch transacted business in Pennsylvania by issuing a payment bond for the Project that is the subject of this dispute, and Arch consented to this court's personal jurisdiction in the payment bond which is the subject of this lawsuit.

5. Venue is proper in this Court pursuant to the Miller Act, 40 U.S.C. § 3133(b)(3)(B), as the construction project on which this action is based is located in Adams County, Pennsylvania, which is within the venue limits of this Court.

## Background Facts

6. Ironbridge Construction, Inc. ("Ironbridge") entered into Contract No. HQ0034-08-D-0003 with The United States Department of Defense, Washington Headquarters Services to furnish certain labor and material necessary to complete the renovation of a Director

of Administration and Management ("DA&M") Support Facility in Fairfield, Pennsylvania (the "Project").

7. In order to secure its payment obligations on the Project, and in conformity with the terms of the Miller Act, 40 U.S.C. § 3131, et seq., Ironbridge obtained Payment Bond No. SU 1117617 for the Project from Arch in the penal amount of $4,242,562.00 (the "Payment Bond"). A copy of the Payment Bond is attached hereto as **EXHIBIT A**.

8. In order to prosecute its work on the Project, Ironbridge entered into a subcontract agreement with Warner and directed Warner to supply all labor and material necessary for the drywall, carpentry, and concrete scope of work on the Project (the "Subcontract").

9. Pursuant to the Subcontract, Warner was to perform the work on a time and materials basis, and submit monthly invoices for its work to Ironbridge.

10. Warner fully and timely performed the work directed by Ironbridge, performing its last work and/or last providing material to the Project on July 23, 2015.

11. From January 2014 through March 2015, Warner sent Ironbridge 13 separate Invoices for work performed pursuant to the Subcontract, and Ironbridge paid Warner in full for each of the 13 Invoices.

12. From April through July 2015, Warner sent Ironbridge the following four separate Invoices for work performed pursuant to the Subcontract: (i) an April 30, 2015 Invoice for $262,024.17 ("Invoice 14"); (ii) a May 31, 2015 Invoice for $63,506.53 ("Invoice 15"); (iii) a June 30, 2015 Invoice for $16,137.03 ("Invoice 16"); and (iv) a July 31, 2015 Invoice for $15,014.00 ("Invoice 17"). These four invoices total $356,681.73. Copies of Invoices 14, 15, 16, and 17 and the supporting documentation for each are attached hereto as **EXHIBIT B**.

13. Ironbridge paid Warner only $131,012.09 for Invoice 14 and failed to pay Warner any amount for Invoices 15, 16, or 17, leaving a balance of $225,669.64 owed by Ironbridge to Warner. The following chart reflects the amounts owed by Ironbridge to Warner for Invoices 14, 15, 16, and 17:

| Invoice No. | Invoice Date | Amount Owed to Warner | Amount Paid to Warner | Balance Due to Warner |
| --- | --- | --- | --- | --- |
| 14 | 4/30/2015 | $262,024.17 | $131,012.09 | $131,012.08 |
| 15 | 5/31/2015 | $63,506.53 | $0.00 | $63,506.53 |
| 16 | 6/30/2015 | $16,137.03 | $0.00 | $16,137.03 |
| 17 | 7/31/2015 | $15,014.00 | $0.00 | $15,014.00 |
| **Total** | N/A | **$356,681.73** | **$131,012.09** | **$225,669.64** |

14. Despite demand, Ironbridge has wrongfully failed and refused to fully pay Warner for Invoice 14, and Ironbridge has failed to pay Warner any amounts for Invoices 15, 16, and 17, leaving a balance in the amount of $225,669.64 owed to Warner.

15. Warner has satisfied all contractual and statutory conditions precedent to this action under the Payment Bond.

## COUNT I
### Miller Act
### (Breach of the Payment Bond)

16. Warner incorporates by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17. Having furnished materials and labor to the Project for Ironbridge for which it has not received payment, Warner is within the class of claimants protected under Payment Bond No. SU 1117617 provided by Arch.

18.     As surety on the Payment Bond, Arch is jointly and severally liable with Ironbridge to pay Warner for its unpaid labor, equipment, and/or materials furnished in prosecution of the work on the Project in the amount of $225,669.64, plus interest.

19.     Arch's failure to make payment to Warner on its Claim constitutes a breach of the Payment Bond.

20.     Pursuant to 40 U.S.C. § 3133, Warner files this action more than ninety (90) days after the date on which Warner last performed labor for, or furnished/supplied material to, the Project, but less than one (1) year from such date.

**WHEREFORE**, Plaintiff The United States of America, for the use and benefit of Warner Construction, a Division of R.W. Warner, Inc. requests that judgment be entered in its favor and against Defendant Arch Insurance Company, in the amount of $225,669.64, plus pre-judgment and post-judgment interest until paid, all costs, fees, and expenses herein expended, and any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff Warner Construction demands a trial by jury on all triable issues of fact.

Dated: December 29, 2015						Respectfully submitted,

**WARNER CONSTRUCTION**

*[signature]*

Thomas S. Beckley, Esq.
BECKLEY & MADDEN
212 North Third Street, Suite 301
P.O. Box 11998
Harrisburg, Pennsylvania 17108-1998
Tel:	(717) 233-7691
Fax:	(717) 233-3740
Email: becks@pa.net
*Counsel for Plaintiff Warner Construction,*
*A Division of R.W. Warner, Inc.*

**Of Counsel:**

Fred A. Mendicino, Esq.
FAUGHNAN MENDICINO PLLC
21355 Ridgetop Circle, Suite 110
Dulles, Virginia 20166
Tel:	(571) 434-7590
Fax:	(571) 434-9006
Email: Mendicino@fm-lawfirm.com